UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, | |
| Plaintiff, | CIVIL ACTION NO. _____ |
| -against- | |
| ALLERGAN PLC, BRENTON L. SAUNDERS, WILLIAM MEURY, ROBERT A. STEWART, MARIA TERESA HILADO, JOSEPH HAROLD BOCCUZI, NESLI OZDEN BASGOZ, PAUL MINO BISARO, JAMES HARRY BLOEM, CHRISTOPHER W. BODINE, ADRIANE McCLENNY BROWN, DAVID A. BUCHEN, CHRISTOPHER J. COUGHLIN, CATHERINE M. KLEMA, MICHAEL R. GALLAGHER, R. TODD JOYCE, PETER JOHN McDONNELL, PATRICK J. O'SULLIVAN, RONALD ROBERT TAYLOR, and FREDERICK G. WEISS, | **COMPLAINT** |
| Defendants. | JURY TRIAL DEMANDED |

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2. Plaintiff, a shareholder of Defendant Allergan plc ("Allergan" or the "Company"), seeks an equitable decree nullifying the votes taken on a proposal in the Allergan 2015 Proxy Statement and a proposal in the Allergan 2017 Proxy Statement because these proposals failed to

provide the information required by the SEC for stockholders to vote on them.

3. The Amended and Restated 2013 Incentive Award Plan of Actavis plc (the "Restated Plan") is Allergan's compensation plan that allows it "to offer to participants a variety of long-term incentives, including options, stock appreciation rights, restricted stock, restricted stock units, stock payments, deferred stock, dividend equivalents and other cash-based awards." Proposal 5 in the 2015 Proxy Statement solicited the shareholders to vote to approve the Restated Plan.

4. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation." Proposal 5 of the 2015 Proxy Statement (the "Restated Plan Proposal") failed to include the approximate number of eligible participants and the bases of their participation in the Restated Plan.

5. Item 10(b)(2)(i) of Schedule 14A requires certain additional information when "any plan containing options, warrants or rights [is] submitted for security holder action…." The Restated Plan "contain[ed] options, warrants or rights," but the Restated Plan Proposal failed to include what is required under part (D) of paragraph (b)(2)(i) of that Item: "The market value of the securities underlying the stock-based awards as of the latest practicable date…."

6. The Allergan plc 2017 Annual Incentive Compensation Plan (the "2017 Plan")

gives the Allegan compensation committee the ability to grant cash incentive awards based upon the achievement of performance goals. Proposal 5 in the 2017 Proxy Statement asked for the shareholders "To approve the material terms of the performance goals for the purposes of [IRC] Section 162(m) under the Allergan plc 2017 Annual Incentive Compensation Plan," (the "2017 Plan Proposal"). Similar to the Restated Plan Proposal, the 2017 Plan Proposal failed to include the approximate number of eligible participants and the bases of their participation in the 2017 Plan.

       7.      Instruction 2 to Item 10 of Schedule 14A provides:

> If action is to be taken with respect to a material amendment or modification of an existing plan, the item shall be answered with respect to the plan as proposed to be amended or modified and shall indicate any material differences from the existing plan.

      8.      Although the defendants call it the "Allergan plc 2017 Annual Incentive Compensation Plan," this plan is in fact a modification of an existing plan according the 2017 Proxy Statement: "The Performance Goals for awards under the Plan were last approved on May 11, 2012." Despite this, the 2017 Plan Proposal failed to indicate that it was increasing the "maximum amount of cash that may be paid pursuant to any award" from $7 million to $10 million.

      9.      Thus, the Restated Plan Proposal and the 2017 Plan Proposal did not comply with the SEC rules and regulations, and the Court should nullify those votes and the compensation granted as a result of them unless and until stockholders are provided the information required by the SEC rules and regulations in conjunction with new stockholder votes concerning the plans.

## JURISDICTION AND VENUE

10. The jurisdiction of this court is founded upon: (a) federal question jurisdiction, pursuant to § 27 of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 and (b) supplemental jurisdiction, 28 U.S.C. § 1367.

11. The claims herein arise under § 14(a) of the Exchange Act, 15 U.S.C. § 78n(a), Rule 14a-3, 17 C.F.R. § 240.14a-3, Rule 14a-9, 17 C.F.R. § 240.14a-9, and Items 10(a)(1) and 10(b)(2)(i) of Schedule 14A, 17 C.F.R. § 240.14a-101 (Item 10(a)(1)), (Item 10(b)(2)(i)), and Instruction 2 to Schedule 14A (Item 10) of the United States Securities and Exchange Commission (the "SEC"), and the common law.

12. This action is not a collusive one to confer jurisdiction that the court would otherwise lack.

13. Venue is proper in this district as allowed under Section 27(a) of the Exchange Act, for this district is where the violation at issue in this case occurred because the plaintiff is a resident of this district.

## THE PARTIES

14. Plaintiff Shiva Stein is a shareholder of Allergan, and she has been such since June 16, 2014 and continuously to date.

15. Allergan is a publicly held corporation within the meaning of IRC § 162(m)(2). Its stock is traded on the New York Stock Exchange with the ticker symbol AGN. It is subject to § 14(a) of the Exchange Act. It is incorporated in the Republic of Ireland. It was formerly known as Actavis plc.

16. Defendants Brenton L. Saunders, William Meury, Robert A. Stewart, and Maria Teresa Hilado are executive officers of Allergan. Defendant Saunders is the chief executive officer and a member and the chairman of Allergan's board of directors.

17. Defendants David A. Buchen and R. Todd Joyce are former executive officers of Allergan.

18. The non-employee members of Allergan's board of directors are Defendants Joseph Harold Boccuzi, Nesli Ozden Basgoz, Paul Mino Bisaro, James Henry Bloem, Christopher W. Bodine, Adriane McClenny Brown, Christopher J. Coughlin, Catherine M. Klema, Peter John McDonnell, Patrick J. O'Sullivan, Robert Ronald Taylor, and Frederick G. Weiss.

19. Defendant Michael R. Gallagher was a non-employee member of Allergan's board of directors until May 4, 2017.

## WRONGFUL ACTS AND OMISSIONS

20. On June 5, 2015, there was an annual general meeting of the shareholders of Actavis plc, as Allergan was then named. The defendants furnished the proxy statement for this meeting on April 24, 2015, to vote on six proposals.

21. The Restated Plan Proposal asked for the shareholders to approve the Restated Plan. As to eligibility to participate in the Restated Plan, the 2015 Proxy Statement merely reported the following:

**Eligibility**

Participants in the Restated Plan are employees, consultants, or independent directors of the Company or its subsidiaries, as selected by the Administrator. Consultants and independent directors who are based in the United Kingdom and who are not also employees of the Company or its subsidiaries are not eligible to receive awards under the Restated Plan.

5

22. The 2015 Proxy Statement omitted to disclose the approximate number of eligible employees, consultants, and independent directors and the bases of their participation as required by Item 10(a)(1) of Schedule 14A.

23. The Restated Plan Proposal also represented that "The Restated Plan allows the Company to offer to participants a variety of long-term incentives, including options, stock appreciation rights, restricted stock, restricted stock units, stock payments, deferred stock, dividend equivalents and other cash-based awards."

24. In addition, the Restated Plan Proposal represented that

[t]he Restated Plan authorizes the issuance of up to (i) 8,241,885 shares of stock, representing the shares of stock authorized for issuance under the 2001 Incentive Award Plan of Watson Pharmaceuticals, Inc. (the "Original Plan") as of December 31, 2010, plus any shares of stock that after December 31, 2010 were added back under the Original Plan, or may be added back to the Restated Plan in accordance with the terms of the Restated Plan (the "Original Shares"), plus (ii) 1,269,340 shares of stock, which were assumed under the Warner Chilcott Equity Incentive Plan (the "Warner Chilcott Shares"), plus (iii) 7,156,687 shares of stock, which were assumed under the Forest Plan, excluding any awards granted under the Forest Plan prior to the Forest Closing that were conditioned upon such closing (the "Forest Laboratory Shares"). On and after the Forest Closing, (x) Original Shares shall be available for awards granted to Legacy Actavis Participants and New Actavis Participants, (y) Warner Chilcott Shares shall be available for awards granted to Legacy Warner Chilcott Participants and New Actavis Participants and (z) Forest Laboratories Shares shall be available for awards granted to Legacy Forest Employees and New Actavis Participants (each as defined in the Restated Plan). The number of shares of our stock available for issuance under the Restated Plan will be reduced by 2.45 shares for each Forest Laboratories Share subject to an award granted under the Restated Plan (other than Forest Laboratories Shares issuable upon the exercise of a stock option or the vesting of a stock appreciation right or dividend equivalent award), and by one share for each share of our stock subject to all other awards granted under the Restated Plan.

25. Despite this confusing representation about the enormous amount of shares of stock underlying the potential awards, which come from several previous plans and previous corporate entities, the Restated Plan Proposal failed to included the information required by Item

6

10(b)(2)(i)(D): "The market value of the securities underlying the stock-based awards as of the latest practicable date…."

26. Based on this 2015 vote on the Restated Plan, the Company has issued restricted share units under the Restated Plan to each of the non-employee director defendants as follows:

| Defendant | 2015 Compensation | 2016 Compensation | 2017 Compensation |
|---|---|---|---|
| Basgoz | $249,700 | $299,794 | $299,940.75 |
| Bisaro | | | 299,940.75 |
| Bloem | 249,700 | 299,794 | 299,940.75 |
| Boccuzi | | | 236,950.22 |
| Bodine | 249,700 | 299,794 | 299,940.75 |
| Brown | | | 299,940.75 |
| Coughlin | 249,700 | 299,794 | 299,940.75 |
| Gallagher | 249,700 | 299,794 | |
| Klema | 249,700 | 299,794 | 299,940.75 |
| McDonnell | 249,700 | 299,794 | 299,940.75 |
| O'Sullivan | 249,700 | 299,794 | 299,940.75 |
| Taylor | 249,700 | 299,794 | 299,940.75 |
| Weiss | 249,700 | 299,794 | 299,940.75 |

27. In 2014 and 2015, the Company also issued two types of cash awards under the Restated Plan to the executive officer defendants that were dependant on the shareholder vote on the Restated Plan in 2015:

| Defendant | Merger Success Awards | | | Transformation Incentive Awards | | |
|---|---|---|---|---|---|---|
| | Threshold | Target | Maximum | Threshold | Target | Maximum |
| Saunders | $7,500,000 | $15,000,000 | $30,000,000 | $8,812,500 | $15,000,000 | $30,000,000 |
| Bisaro | 5,250,000 | 10,500,000 | 21,000,000 | 2,937,500 | 5,000,000 | 10,000,000 |
| Stewart | 2,500,000 | 5,000,000 | 10,000,000 | 2,937,500 | 5,000,000 | 10,000,000 |
| Meury | 2,500,000 | 5,000,000 | 10,000,000 | 2,937,500 | 5,000,000 | 10,000,000 |
| Hilado | 2,500,000 | 5,000,000 | 10,000,000 | 2,937,500 | 5,000,000 | 10,000,000 |
| Buchen | 2,500,000 | 5,000,000 | 10,000,000 | | | |
| Joyce | 2,500,000 | 5,000,000 | 10,000,000 | | | |

28. It issued the Merger Success Awards to Defendant Hilado on December 8, 2014, and to all the others on July 1, 2014. To the extent these awards have been earned, they were 100% vested as of December 31, 2017. The performance period for the Merger Success Awards

7

was July 1, 2014 through December 31, 2017, and the awards are settled in cash or ordinary shares.

29. The Transformation Incentive Awards were granted on March 17, 2015 and are based on the performance of the Company from March 17, 2015 - December 31, 2018. The 2016 Proxy Statement represented that, if earned, the Transformation Incentive Awards will be in paid in cash in two equal installments on December 31, 2018 and December 31, 2019, subject to the executives' continued employment.

30. The 2015 Proxy Statement represented that, with respect to the Restated Plan Proposal:

> If the Restated Plan is not approved by our shareholders, all Merger Success Awards and Transformation Incentive Awards (which are cash-based long-term performance awards that were granted under the Restated Plan at the closing of our acquisition of Allergan, Inc.) previously awarded under the Restated Plan shall be canceled and become null and void, and all provisions of the Restated Plan relating to other cash-based awards shall cease to be effective with respect to such Merger Success Awards and Transformation Incentive Awards.

31. On May 4, 2017, there was an annual general meeting of Allergan's shareholders. The defendants furnished the proxy statement for this meeting on March 24, 2017 to solicit their proxies to vote on six proposals.

32. The 2017 Plan Proposal solicited the shareholders to approve the 2017 Plan. As to eligibility to participate in the 2017 Plan, the 2017 Proxy Statement merely reported the following:

> **Eligible Employees**
>
> The Plan may be used to grant performance-based awards to the Company's Chief Executive Officer and any other executive officer of the Company or an affiliate of the Company who is selected by the Compensation Committee to participate in the Plan.

8

The 2017 Proxy Statement omitted to disclose the approximate number of eligible employees and the bases of their participation.

33.     In addition, although the defendants call it the "Allergan plc 2017 Annual Incentive Compensation Plan," this plan is in fact a modification of an existing plan according the 2017 Proxy Statement: "The Performance Goals for awards under the Plan were last approved on May 11, 2012."   Despite this, the 2017 Plan Proposal failed to indicate that it was increasing the "maximum amount of cash that may be paid pursuant to any award" from $7 million to $10 million as required by Instruction 2 to Item 10 of Schedule 14A.  Proposal 5 of the 2017 Proxy Statement disclosed that the maximum in the 2017 Plan would be $10 million, and it solicited shareholder approval of that $10 million maximum, but it omitted to disclose that this was an increase from $7 million in the then existing plan.

34.     Thus far, awards have not been granted under the 2017 Plan, but they are likely to be granted in 2018.

35.     The submissions of the 2017 Plan and the Restated Plan to the votes of the shareholders were in contravention of the SEC's rules and regulations and are therefore ineffective to compensate the defendants.

36.     Section 14(a) of the Exchange Act makes it unlawful for any person to solicit or to permit the use of his name to solicit any proxy in contravention of the SEC's rules and regulations.  SEC Rule 14a-9 forbids the solicitation of a proxy by means of a proxy statement containing false or misleading misrepresentations or omissions.

37.     In the 2015 and 2017 Proxy Statements, the omission to disclose the approximate number of eligible employees and the basis of their participation was a contravention SEC Rule

14a-9, SEC Rule 14a-3, and Item 10(a)(1) of Schedule 14A, and it was unlawful under §14(a) of the Exchange Act.

38. In the 2015 Proxy Statement, the omission to state the market value of the securities underlying the Restated Plan was a contravention of SEC Rules 14a-3 and 14a-9 and Item 10(b)(2)(i)(D) of Schedule 14A, and it was unlawful under §14(a) of the Exchange Act.

39. In the 2017 Proxy Statement the omission to indicate that the $10 million maximum was an amendment of the $7 million maximum was a contravention of SEC Rules 14a-3 and 14a-9 and Instruction 2 to Item 10 of Schedule 14A, and it was unlawful under §14(a) of the Exchange Act.

40. The Restated Plan, by its express terms and provisions, must be in "compliance with all applicable federal and state laws, rules and regulations." This includes but is not limited to state and federal securities laws. Those express terms and provisions also require such compliance by the granting and vesting of awards, the issuance of shares, and the payment of money under the Restated Plan and awards under it. The Restated Plan and all the awards, share issuances, and money payments under it are not in such compliance and will not be in such compliance.

## COUNT I

41. Paragraphs 1 through 40 are reincorporated herein and state a direct claim for relief against the defendants under Section 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC in the 2015 Proxy Statement and at the 2015 annual general meeting of shareholders.

42. Paragraphs 1 through 40 also state a direct claim for relief against the defendants under common law, which is supplemental to the Exchange Act claims, for using the Restated Plan not in compliance with federal and state law.

43. Because of this conduct, plaintiff has been and will be injured, and she has no adequate remedy at law. She has suffered and will suffer harm from the result of uninformed votes on the Restated Plan in the 2015 Proxy Statement.

44. To ameliorate the injury, relief is required in the form of an equitable decree nullifying the 2015 vote and the corporate actions taken based on it. Relief is required in the form of an equitable decree that the defendants should re-solicit shareholder approval of the Restated Plan with a new proxy statement that provides the information required by Item 10(a)(1) and Item 10(b)(2)(i)(D) no later than the 2018 annual meeting.

45. Failing that, relief is also required in the form of an equitable decree that the defendants shall not use the Restated Plan in the future.

## COUNT II

46. Paragraphs 1 through 40 are reincorporated herein and state a direct claim for relief against the defendants under Section 14(a) of the Exchange Act for acting in contravention of the rules and regulations prescribed by the SEC in the 2017 Proxy Statement and at the 2017 annual general meeting of shareholders.

47. Because of this conduct, plaintiff has been and will be injured, and she has no adequate remedy at law. She has suffered and will suffer harm from the result of uninformed votes on the 2017 Plan in the 2017 Proxy Statement.

48. To ameliorate the injury, relief is required in the form of an equitable decree nullifying the 2017 vote and the corporate actions based on it. Relief is required in the form of

an equitable decree that the defendants should re-solicit shareholder approval of the 2017 Plan with a new proxy statement that provides the information required by Item 10(a)(1) and Instruction 2 no later than the 2018 annual meeting.

49. Failing that, relief is also required in the form of an equitable decree that the defendants shall not use the 2017 Plan in the future.

## DEMAND FOR RELIEF

**WHEREFORE**, Plaintiff demands the following relief:

A. (i) An equitable decree nullifying the votes taken on the Restated Plan in the 2015 Proxy Statement and the 2017 Plan in the 2017 Proxy Statement and the corporate actions based on those votes; and

(ii) A new proxy statement re-soliciting votes on the Restated Plan and the 2017 Plan with the information required by Item 10(a)(1), Item 10(b)(2)(i)(D), and Instruction 2 to Item 10 of Schedule 14A no later than the 2018 annual meeting.

(iii) An equitable decree that, failing that, the defendants will make no further use of the 2017 Plan and the Restated Plan.

B. Awarding such other and further relief as this Court deems just and proper.

Dated: New York, New York
January 2, 2018

**BARRACK, RODOS & BACINE**

By: /s/ Arnold Gershon
A. Arnold Gershon
Michael A. Toomey
11 Times Square, 10th Floor
640 Eighth Avenue
New York, NY 10036
Telephone: (212) 688-0782
Facsimile: (212) 688-0783

*Of Counsel*

**BARRACK, RODOS & BACINE**
Daniel E. Bacine
3300 Two Commerce Square
2001 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-0600
Facsimile: (215) 963-0838

*Attorneys for Plaintiff*